IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WILLIAM OMAR MEDINA** | : **CIVIL ACTION** |
| | : |
| **v.** | : **NO. 20-2426** |
| | : |
| **ALFRED HALLMAN,** *et al.* | : |

## MEMORANDUM

**KEARNEY, J.**                                                                                                                        **May 29, 2020**

Congress requires we screen prisoner complaints filed without paying the filing fees to ensure they state claim in our jurisdiction. Congress also requires prisoners seeking damages for prison officials' verbal or sexual harassment to truthfully allege physical touching or injury arising from the alleged conduct. Verbal insults, even of a sexual nature, do not suffice absent physical injury or touching. The prisoner must allege how each named prison official violated his rights.

Following screening, we today dismiss a prisoner's complaint seeking punitive damages for cruel and unusual punishment involving verbal insults by the prisoner's food service supervisor towards him while working in the Prison kitchen on and before October 27, 2019. He does not plead either a physical touching or injury or the role of the named Administrator and Warden other than denying his grievance of an October 31, 2019 misconduct report signed by the food service supervisor. While the prisoner references retaliation in his underlying grievance, he does not plead facts identifying the claim nor allege retaliation in his complaint. Based on our liberal reading of his *pro se* complaint, he may be able to plead retaliation against his supervisor or others in issuing the October 31, 2019 misconduct after he complained to another prison supervisor about the verbal harassment. Given his *pro se* prisoner status and the possibility of facts which may state a claim, we grant him leave to timely amend.

I.      *Pro se* **alleged facts**

William Omar Medina, presently in custody at Lehigh County Prison, claims the Prison's Food Supervisor Alfred Hallman, Administrator Douglas Mette, and Warden Russell Kyle violated his Fourth and Eighth Amendment rights in late 2019.  The claim arises from Supervisor Hallman sexually harassing him. Mr. Medina alleges he first sought to move from his work position in the Prison kitchen in a request on August 1, 2019.  The Prison counselor "Megan" denied his request for removal from kitchen duty.

Supervisor Hallman continued to harass him in front of co-worker inmates including calling him "numb nuts every day."[1] Mr. Medina alleges Supervisor Hallman invited him to "suck his dick" on October 27, 2019 in front of other inmates.[2]

Mr. Medina alleges he spoke to another supervisor "Rich" on October 28, 2019 about Supervisor Hallman's October 27, 2019 harassment.[3]  Supervisor Hallman then cited him on October 31, 2019 for a major misconduct of refusing to obey a verbal order and disruption with the orderly running of the institution.[4]  Mr. Medina filed a grievance and Administrator Mette and Warden Kyle denied his grievance in December 2019.[5]

Mr. Medina does not claim physical harm or touching in any sense but claims he suffered emotional distress and increased anxiety as a result of this verbal harassment.  He now seeks punitive damages for incurring anxiety and emotional distress due to abusive power and cruel and unusual punishment.  He attaches a grievance referencing retaliation but does not allege retaliation.

II.     **Analysis**

Mr. Medina sues his food service supervisor Hallman, Administrator Mette, and the Prison Warden Kyle for cruel and unusual punishment.  He moved to proceed without paying the fees. After reviewing his sworn affidavit and prisoner account statement, we granted him leave to

2

proceed *in forma pauperis*.[6] Having granted Mr. Medina leave to proceed *in forma pauperis* as he demonstrated not being able of paying the fees to commence this case,[7] we must again study the sufficiency of his complaint under 28 U.S.C. § 1915(e)(2)(B)(ii).[8] When considering whether to dismiss a complaint for failure to state a claim under § 1915(e)(2)(B)(ii), we use the same standard used under Federal Rule of Civil Procedure 12(b)(6).[9] "'[A] complaint must contain sufficient factual allegations, taken as true, to 'state a claim to relief that is plausible on its face.'"[10] "We accept all factual allegations in the complaint as true and construe those facts in the light most favorable to the plaintiff."[11] We are directed by our Court of Appeals to be "mindful of our 'obligation to liberally construe a *pro se* litigant's pleadings …'"[12]

### A. Mr. Medina does not plead a basis for punitive damages.

Mr. Medina alleges Supervisor Hallman verbally abused him causing him emotional and mental distress for an unplead period in 2019 leading up to and including October 27, 2019. He does not plead a physical injury. Absent pleading a physical injury, he may not proceed in seeking damages for emotional or mental distress.

Through the Prison Litigation Reform Act, Congress requires a prisoner to "demonstrate physical injury before he can recover for mental or emotional injury."[13] The Prison Litigation Reform Act of 1995 provides "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)."[14] The term "sexual act" is defined as contact between the penis and vulva or anus; contact between the mouth, and penis, vulva or anus; the penetration of the anal or genital opening of another; or the intentional touching of the genitalia of another person.[15] To recover for

mental or emotional injury suffered while in custody, a prisoner bringing a § 1983 action must demonstrate less than significant, but more than a de minimis physical injury.[16]

Mr. Medina does not plead a physical injury of any sort. We must dismiss his claim. We will grant him leave to plead, if he can do so in good faith, a physical injury arising from the named Prison officials' conduct.

### B.     Mr. Medina's claims of verbal threats alone may not proceed.

Mr. Medina seeks punitive damages against the Prison officials based on verbal threats of physical harm and sexually explicit comments allegedly made by Supervisor Hallman. Accepting Mr. Medina's allegations of threats of bodily harm, he does not state a civil rights claim because verbal threats or taunts, without more, are insufficient to violate the Constitution.[17] Although our Court of Appeals "has not specifically addressed the circumstances under which a correctional officer can be held liable for the sexual harassment of an inmate," courts elsewhere have held "sexual harassment in the absence of contact or touching does not establish excessive and unprovoked pain infliction" as is required to state a claim for a constitutional violation.[18]

Mr. Medina does not plead a cruel and unusual punishment claim. We grant him leave to amend if he can do so in good faith.

### C.     Mr. Medina does not state a claim against the Administrator or Warden.

Mr. Medina sues Administrator Mette and Warden Kyle but he does not identify conduct towards him other than denying his grievance of the October 31, 2019 misconduct citation. He needs to plead either their individual conduct causing him harm or a custom or policy possibly allowing us to plausibly infer supervisory liability for a civil rights violation. He needs to plead some fact allowing us to plausibly infer the denial of his grievance violates a constitutional or statutory right.

We dismiss the claims against Administrator Mette and Warden Kyle. We grant Mr. Medina leave to amend to possibly plead their role in depriving him of a constitutional or statutory right if he can do so in good faith.

**D.    Mr. Medina does not plead a retaliation claim.**

While not alleged, Mr. Medina's grievances attached to his complaint refer to one or more persons retaliating against him on October 31, 2019.[19] He grieves someone retaliated against him for his complaints about Mr. Hallman's October 27, 2019 verbal harassment. He further grieves about seeking to move his work assignment from the kitchen to laundry. He also grieves about a four-page letter sent to "his judge" which he cannot find.

Mr. Medina does not plead any prison official retaliated against him for his exercise of a First Amendment right. To sustain a retaliation claim, Mr. Medina must plead: (1) he engaged in constitutionally protected conduct; (2) he suffered adverse action; and (3) the constitutionally protected conduct was "a substantial or motivating factor" for the adverse response.[20] "Because motivation is almost never subject to proof by direct evidence," Mr. Medina may "rely on circumstantial evidence to prove a retaliatory motive."[21] "He can satisfy his burden with evidence of either (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing that suggests a causal link."[22] "If the prisoner makes a prima facie showing that his constitutionally protected conduct was a motivating factor in the decision to discipline, the defendant then has the burden of showing that the same disciplinary action would have been taken place even in the absence of the protected activity."[23]

Mr. Medina has not plead a retaliation claim although he references retaliation in his attached grievance. His attached grievance identifies facts which may allow a retaliation claim

5

based on a protected activity which motivated or substantially played a role in an identified adverse action. But he does not plead these facts and we cannot guess at facts even when liberally construing his allegations in the light most favorable to him.

Under the leave granted in today's Order, he may allege facts in good faith which state a claim for retaliation consistent with the Law.

### E.  Mr. Medina does not plead a Fourth Amendment claim.

Mr. Medina refers to the Prison officials violating his Fourth Amendment rights under his *pro se* "Statement of Claim." [24]   He does not plead anything further which may touch upon his Fourth Amendment rights.  While we liberally construe *pro se* pleadings, we cannot imagine facts or claims. We cannot discern the nature of a Fourth Amendment claim and must dismiss it under Federal Rule of Civil Procedure 8.

## III.  Conclusion

Mr. Medina has not plead a claim which can proceed beyond our screening required by Congress.  Verbal insults absent physical harm which cause emotional or mental distress do not state a claim for cruel and unusual punishment by Supervisor Hallman.  He also does not plead facts relating to Administrator Mette or Warden Kyle.  He also does not plead retaliation, but his attached grievance refers to retaliation. We dismiss his complaint under section 1915 but, mindful of his *pro se* status and possibility he could plead facts supporting claims including some physical injury consistent with the law, potential liability of persons other than Supervisor Hallman, and the retaliation referenced in his attached grievance, we grant him leave to timely amend his Complaint consistent with the accompanying Order.

---

[1] ECF Doc. No. 2, p. 4 of 10 based on the ECF pagination.

[2] *Id.*

---

[3] ECF Doc. No. 2, p. 3 of 10 based on the ECF pagination.

[4] ECF Doc. No. 2, p. 5 of 10 based on the ECF pagination.

[5] ECF Doc. No. 2, p. 6 of 10 based on the ECF pagination.

[6] ECF Doc. No. 7.

[7] ECF Doc. No. 5.

[8] Section 1915(e)(2)(B)(ii) requires we screen *in forma pauperis* proceedings to "dismiss the case at any time if [we] determin[e] that – (B) the action … -- (ii) fails to state a claim on which relief may be granted …" 28 U.S.C. § 1915(e)(2)(B)(ii). We concern ourselves today with the sufficiency of the amended complaint's allegations based on federal statute, the claimed basis of our jurisdiction under 28 U.S.C. § 1331.

[9] *Elansari v. Univ. of Pennsylvania*, 779 F. App'x 1006, 1008 (3d Cir. 2019) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

[10] *Id.* (quoting *Fleisher v. Standard Ins. Co*., 679 F.3d 116, 120 (3d Cir. 2012)).

[11] *Id.*

[12] *Dooley v. Wetzel*, No. 19-1684, 2020 WL 1982194, * 4 (3d Cir. Apr. 27, 2020) (citing *Higgs v. Attorney Gen*., 655 F.3d 333, 339 (3d Cir. 2011), as amended (Sept. 19, 2011)).

[13] *Mitchell v. Horn*, 318 F.3d 523, 533 (3d Cir. 2003) (citing 42 U.S.C. § 1997e(e)).

[14] *See Marrow v. Pennsylvania*, No. 18-0931, 2018 WL 4963982, at *4 (M.D. Pa. Oct. 15, 2018) (quoting 42 U.S.C. § 1997e(e)).

[15] 18 U.S.C. § 2246(2).

[16] See 42 U.S.C. § 1997e(e); *see* also *Mitchell v. Horn*, 318 F.3d 523, 535 (3d Cir. 2003).

[17] *See Dunbar v. Barone*, 487 F. App'x 721, 723 (3d Cir. 2012) (holding threats that inmate was a "marked man and that his days were numbered" did not state Eighth Amendment claim); *McBride v. Deer*, 240 F.3d 1287, 1291 n. 3 (10th Cir. 2001) (holding threat to spray inmate with mace did not violate Eighth Amendment); *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) ("Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws.").

[18] *Chambliss v. Jones*, No. 14-2435, 2015 WL 328064, at *3 (M.D. Pa. Jan. 26, 2015) (citations omitted); s*ee also*, *Bower v. Price*, No. 17-1473, 2018 WL 1334985, at *3 (M.D. Pa. Mar. 15, 2018) (collecting cases and holding alleged verbal sexual harassment alone does not give rise to a constitutional violation); *Boxer X v. Harris*, 437 F.3d 11107, 1111 (11th Cir. 2006) (finding solicitation of a prisoner's masturbation, even under the threat of retaliation does not violate the

---

Eighth Amendment); *Morales v. Mackalm*, 278 F.3d 126, 129 (2d Cir. 2002) (finding a demand for sex in front of other female staff does not rise to the level of an Eighth Amendment violation), *overruled on other grounds in Porter v. Nussle*, 534 U.S. 516 (2002); *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997) ("To prevail on a constitutional claim of sexual harassment, an inmate must therefore prove, as an objective matter, that the alleged abuse or harassment caused 'pain' and, as a subjective matter, that the officer in question acted with a sufficiently culpable state of mind.") (citation omitted).

[19] ECF Doc. No. 6, p. 1 of 6 based on ECF pagination.

[20] *Id.* (citing *Carter v. McGrady,* 292 F.3d 152, 157–58 (3d Cir. 2002); *Rauser v. Horn,* 241 F.3d 330, 333 (3d Cir. 2001)).

[21] *Watson v. Rozum*, 834 F.3d 417, 422 (3d Cir. 2016).

[22] *Id.*

[23] *Feliciano v. Dohman*, 645 F. App'x 153, 155–56 (3d Cir. 2016) (citing *Rauser,* 241 F.3d at 334 (3rd Cir. 2001)).

[24] ECF Doc. No. 2, p. 4 of 10 based on the ECF pagination.